IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM, #1998535
          Plaintiff                :

v.                              : CIVIL ACTION NO. CCB-06-1998

STATE OF MARYLAND          :
          Defendant

## MEMORANDUM

On August 1, 2006, Paul Graham, who appears to be housed at the Baltimore City Detention Center ("BCDC"), filed a pro se action docketed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Although not a model of clarity, the complaint suggests that Graham has been improperly held for more than a year pending trial in Baltimore City and/or Baltimore County, and that he has been denied access to defense counsel on at least one occasion during that time.[1]  In subsequent pleadings[2] he seeks money damages and injunctive relief requiring the State to place him in a mental hospital rather than a detention or prison facility. Paper Nos. 8 and 12.

The State has filed a motion to dismiss or, in the alternative, for summary judgment (Paper No. 10), to which plaintiff has filed a generalized, nonspecific cross-motion for summary judgment and an opposition motion. Paper Nos. 8 and 12.  No hearing is needed to resolve the

---

[1] To the extent that other allegations concerning conditions of confinement may be contained in the complaint, those allegations are dismissed without prejudice to allow Graham to file them separately if he so chooses, using court-provided civil rights complaint forms.

[2] In Paper No. 8, plaintiff request appointment of counsel, seeks to amend the complaint to include a conditions of confinement claim, and makes a generalized request for summary judgment.  Plaintiff is able to articulate his claims and present issues for redress by this court.  Therefore, in accordance with the discretion afforded under 28 U.S.C. § 1915(e)(1), Plaintiff's request for appointment of counsel shall be denied. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). His conditions of confinement claim may be raised in a new civil rights action and will not be addressed here.  The summary judgment requests, contained in Paper Nos. 8 and 12, are devoid of content and also shall be denied.

issues of access to counsel and improper detention raised in this case.  *See* Local Rule 105.6 (D. Md. 2004).

Where, as here, materials furnished by parties in conjunction with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) are considered, courts implicitly convert the proceeding into a summary judgment proceeding.  *See Laughlin v. Metro. Washington Airports Authority*, 149 F.3d 253, 260-61 (4th Cir. 1998).  A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).  Furthermore, when ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

Preliminarily, the court agrees that the State of Maryland, its Department of Safety and

Correctional Services, and the Baltimore City Detention Center ("BCDC") are not proper parties to this suit.[3]  The court's inquiry, however, does not end there.

The uncontroverted evidence presented by defendant provides a factual basis to support a finding that plaintiff has been detained since April 18, 2006, after his arrest that day in Baltimore City.  The record evidence also shows that at the time of his arrest, he was sought by Baltimore City and Howard County (not, as plaintiff suggests, Baltimore County) on several warrants, including a warrant issued for a violation of probation.  Paper No. 10, Exhibit 1 at 2-3.

On May 11, 2006, the District Court of Maryland for Baltimore City *nol prossed* each of the assault and weapons charges brought against plaintiff in Case No. 3B01770380.  *Id.*, Exhibit 1 at 2 and Attachment 2 at 2 and Attachment 4 at 4.  As other criminal charges were pending in Baltimore City and Howard County, however, plaintiff remained at BCDC.  On September 12, 2006, the next scheduled Baltimore City district court appearance in Case No. 003B01776428 was postponed to provide plaintiff with (presumably mental health) evaluation.  *Id.*, Exhibit 1 at 2 and Attachment 5 at 1.  On September 26, 2006, he was denied bail in connection with this case charging him with second degree assault.  *Id.*  Trial was scheduled November 28, 2006. *Id.*, Attachment 1 at 2 and Attachment 5 at 3-4.  On November 21, 2006, plaintiff was scheduled to appear in Baltimore City Circuit Court in Case No. 804295926-27. [4]  *Id.*, Attachment 2 at 2. Plaintiff also is subject to a detainer based on an arrest warrant issued by the District Court of

---

[3]      *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-103 (1984) (Eleventh Amendment immunity conferred upon the States, its agencies, and its officials sued in their official capacities in federal court); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (State and its officials acting in their official capacities are not "persons" amenable to suit under 42 U.S.C. § 1983).

[4]      The court does not know the outcome of either the November 21, 2006, or November 28, 2006, proceeding.

Maryland for Howard County in Case No. 006T00048649. *Id.*, Attachment 6.

Based on this evidence, this court concludes that plaintiff has not been held without cause and that his criminal proceedings have not been subjected to inordinate delay. Clearly cause exists to require his present detention. Furthermore, plaintiff's pleadings at most suggest that on one occasion he assaulted Detention Center personnel after he was told to "lock in" rather than remain outside his cell in order to pursue a chance to contact his lawyer.[5] From later pleadings, however, it appears that plaintiff does have counsel, and in fact is upset that counsel will not follow his demand to obtain his base file and other prison records to defend plaintiff on institutional charges stemming from the alleged guard assault. Paper No. 12 at 1. Plaintiff has failed to sustain his burden of proof concerning an alleged denial of access to the courts.

Accordingly, a separate order shall be entered denying injunctive relief, denying plaintiff's requests for appointment of counsel and for summary judgment, denying plaintiff's motion to amend the complaint, granting summary judgment to defendant, and closing this case.

    November 30, 2006                  /s/             
Date                                    Catherine C. Blake
                                         United States District Court

---

[5] Plaintiff does not specify whether he was trying to mail a letter to counsel, make a telephone call, or visit counsel within BCDC at the time this incident occurred. At best, the allegation amounts to a conclusory and bald claim of denial of access to the courts.